# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SUSAN M. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-124-SM |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff initiated this action on February 13, 2020 seeking review of the Commissioner's decision that she was not disabled under the Social Security Act. *See* Compl. [Doc. No. 1]. On August 10, 2020, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. No. 19] recommending that the action be dismissed under the doctrine of res judicata because Plaintiff had already challenged the Commissioner's decision in a previous case. After Plaintiff failed to submit an objection, the Court adopted the Report and dismissed the action. *See* Order dated Sept. 1, 2020 [Doc. No. 20]. Plaintiff submitted a timely appeal and the Tenth Circuit dismissed, finding that Plaintiff waived appellate review because she did not object to the Report.

Plaintiff subsequently filed a document in this Court titled Petition for Reconsideration [Doc. No. 30]. This filing appears to challenge the Tenth Circuit's application of the firm waiver rule as well as the Commissioner's decision to deny her benefits. Although Plaintiff's *pro se* pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," she must still "follow

the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

Liberally interpreting Plaintiff's filing, it appears that she is seeking relief from the Court's judgment pursuant to Rule 60(b). However, a Rule 60(b) motion "cannot be used to relitigate the merits of a district court's prior judgment in lieu of a timely appeal, nor can it be used to collaterally attack a final court of appeals' ruling in lieu of a proper petition for review in the United States Supreme Court." *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000); *see also Gibbs v. Astrue,* 267 F. App'x 733, 735–36 (10th Cir. 2008) (unpublished) ("Rule 60(b) is not a substitute for an appeal."). If Plaintiff believes that this Court's and the Tenth Circuit's decisions in this matter are incorrect, she must pursue the appellate process rather than continue filing inappropriate motions in this Court.

Accordingly, Plaintiff's Petition for Reconsideration [Doc. No. 30] is **DENIED**.

**IT IS SO ORDERED** this 29th day of September, 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge